```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS


DIONYSIO HENRIQUEZ,            )
        Plaintiff              )
                               )
              v.               )   C.A. No. 09-cv-30232-MAP
                               )
CITY OF SPRINGFIELD, ET AL.,   )
        Defendants             )
```

MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT
(Dkt. Nos. 23 & 26)

October 13, 2011

PONSOR, U.S.D.J.

This is a civil rights action pursuant to 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act, Mass. Gen. Laws Ch.12, § 11I. In his complaint, Plaintiff alleges, among other things, that two Springfield police officers, Erwin Greene and Ahmad Sharif, inflicted excessive force on him and falsely arrested him. The complaint also charges the Defendant City of Springfield with maintaining a custom or policy that was causally related to these civil rights violations.

Following discovery, Defendant City of Springfield filed a Motion for Summary Judgment (Dkt. No. 23), which was not opposed by Plaintiff. That motion will be allowed.

The two individual Defendants, Greene and Sharif, also filed a Motion for Summary Judgment (Dkt. No. 26) as to all the counts against them. Plaintiff's opposition conceded Defendants' entitlement to summary judgment, except in two areas.

First, Plaintiff contended that certain alleged conduct on the part of Defendant Greene, if believed by a jury, would support a claim against Greene for federal and state civil rights violations based upon excessive force. It is important to underline the precise locus and nature of this allegation, because Plaintiff initially accused Defendant Greene of other excessive force that Plaintiff now concedes Greene had no part in. Plaintiff's contention now is that Greene should be held responsible for excessive force that Plaintiff says occurred during Plaintiff's initial encounter with Greene and other officers on the morning of New Year's Day, January 1, 2007, in the area of an elevator on the

sixth floor of an apartment at 115 Dwight Street in Springfield, Massachusetts. Specifically, Plaintiff alleges that Defendant Greene's use of pepper spray, and a shove he gave to Plaintiff, constituted excessive force at that place and time. Because a reasonable jury could conclude, if it accepted Plaintiff's evidence in this limited area, that Greene used excessive force against Plaintiff, the court will deny this aspect of Greene's motion for summary judgment. Any other allegations of excessive force will, as a result of the court's ruling, be out of the case.

Second, Plaintiff alleges that both Defendant Greene and Defendant Sharif were responsible for his false arrest and thereby violated his federal and state civil rights. Because a reasonable jury could, if they believed Plaintiff's evidence, find that both these individual Defendants falsely arrested Plaintiff, the court will deny this aspect of Defendants' motion for summary judgment.

In sum, the only claims remaining in the case will be limited to allegations of federal and state civil rights violations arising from the alleged excessive force by

Greene in using pepper spray and shoving Plaintiff during their initial encounter, and from the alleged false arrest of Plaintiff by both Defendant Greene and Defendant Sharif. Except as to this narrow band of allegations, Greene and Sharif's Motion for Summary Judgment (Dkt. No. 26) is ALLOWED.  As noted, the City of Springfield's Motion for Summary Judgment (Dkt. No. 23) is ALLOWED, in its entirety.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge